**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **FINANCIAL FEDERAL CREDIT, INC.,** : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 7:05-CV-44 (HL) |
| : | |
| **BOSS TRANSPORTATION, INC., WILLIS W. TERRELL, and ELIZABETH B. TERREL,** : | |
| Defendants. : | |

# ORDER

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts have only limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Specifically, they possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

Original jurisdiction in this Court may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. §§ 1331, 1332 (West 1993 & Supp. 2004). The Court's jurisdiction over this case is premised on diversity of citizenship. A federal court has diversity jurisdiction

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit *en banc*. Id.

"of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). This Order focuses on the "citizens of different States" component.

There is no statutory definition of what constitutes a "citizen" for diversity purposes. 15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004) (hereinafter "Moore's") (citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 Moore's, § 102.30.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend. XIV, § 1. Regarding the second inquiry, domicile – synonymous with "state citizenship" in diversity jurisprudence – generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Id.; e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. See Miss. Band of Choctaw Indians v. Holyfield, 490

U.S. 30, 48 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334.

Here, Plaintiff failed to plead citizenship distinctly and affirmatively. To illustrate, Plaintiff merely made allegations regarding the residency of the Terrell Defendants. Allegations regarding residency tell the Court nothing. In lieu of residency, Plaintiff must allege United States citizenship and the states of which the Terrells are "citizens" or "domiciliaries." While Plaintiff asserts that this Court has jurisdiction over this case, the assertion is a legal conclusion which the Court is entitled to make independently after reviewing the proper jurisdictional allegations.

Because Plaintiff's Complaint asserted that diversity exists, Plaintiff should be afforded an opportunity to support of its assertion. Indeed, it has the burden to do so. Thus, Plaintiff must amend its Complaint pursuant to 28 U.S.C.A. § 1653 (West 1994), to cure this jurisdictional defect. If Plaintiff fails to file an amendment correcting this defect within twenty (20) days after this Order is entered on the docket, this case shall be **DISMISSED**.

**SO ORDERED**, this the 10th day of June, 2005.

**s/ Hugh Lawson**
**HUGH LAWSON, Judge**

jmb